**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **TONY BETTIS, et al.,** <br> **Plaintiffs,** <br> **v.** <br> **GARY HALL, et al.,** <br> **Defendants.** | **Case No. 10-cv-2457-JAR** |

**MEMORANDUM AND ORDER**

Plaintiffs Tony Bettis, Eric Comeau, Stephen Seat, and National Realty Capital, LLC ("NRC") sued Defendants Gary L. Hall, Bentley Investments of Nevada, LLC ("Bentley"), and the Gary L. Hall Revocable Trust U/T/A/ Dated 11/16/89 ("Trust") under breach of contract and quantum meruit. At issue were profits Plaintiffs alleged Defendants owed them under the Funding Agreement created by Plaintiffs Bettis, Comeau, Seat, and Defendant Hall to govern distributions of cash revenues from real estate investment projects that Plaintiffs found for Defendant Hall. At trial, the jury heard evidence on Plaintiffs' only remaining claim—their breach of contract claim against Defendant Hall—and returned a verdict for Plaintiffs in the amount of $302,000.00.

The matter currently comes before the Court on Defendants' Joint Motion for Judgment as a Matter of Law and Motion for a New Trial (Doc. 150) and Plaintiffs' Motion for New Trial on Issue of Damages (Doc. 151). Defendants' motion argues that no legally sufficient evidence supports a jury award of damages for the Grand Lodge or SWAT 14 projects. Plaintiffs argue for a new trial by asserting that the Court erred when it excluded Plaintiffs' damages

calculations. Both motions are fully briefed, and the Court is prepared to rule. As explained more fully below, the Court denies all of the motions.

## I. Background

After Plaintiffs Bettis, Comeau, Seat, and NRC filed this action against Defendants Hall, Bentley, and Trust for breach of contract and quantum meruit, Defendants filed a motion to dismiss. The Court granted the motion in part, dismissing the quantum meruit claim against Defendant Hall and the breach of contract claims against Defendants Bentley and Trust.

The parties then filed cross motions for summary judgment. Plaintiffs filed their motion seeking summary judgment on the proper interpretation of the Funding Agreement. Defendants filed their motion seeking summary judgment on all claims against them. The Court denied Plaintiffs' motion finding Defendants' interpretation of the Funding Agreement proper. The Court then granted Defendants' motion in part and denied it in part. The Court granted Defendant Trust's motion for summary judgment on Plaintiffs' quantum meruit claim. The Court also determined that as a matter of law under the proper interpretation of the Funding Agreement, Plaintiffs were not entitled to profits on their claims for the Weibel-RBND and Morley SWAT projects and so the Court granted Defendants summary judgment on those two claims. As for the remaining claims, on the record before it, the Court could not determine whether Plaintiffs were entitled to profits on the Shorefox, Grand Elk, Morley Companies Family Development ("MCFD"), SWAT 15, Porchlight, and Grand Lodge projects, and so the Court denied Defendants' motion for summary judgment on those claims. The Court, however, explained how the parties should apply the Funding Agreement to determine the profits of the remaining projects. The Court directed the parties to meet and confer to determine what amount

of profits, if any, Defendants owed Plaintiffs. The Court also directed the parties to present a clear and concise explanation of the distribution of cash revenues for each remaining project to the Court at trial.

The parties were unable to come to a consensus over the profits for the remaining projects, and in their proposed trial exhibits, both parties had separate calculations of profits. On March 19, 2012, Defendants filed a motion to exclude Plaintiffs' new damages calculations. The Court granted in part Defendants' motion to exclude because Plaintiffs' damages calculations included claims that had been dismissed through summary judgment. Plaintiffs then filed a motion for reconsideration of the Order on the motion to exclude and the Memorandum and Order on the summary judgment motions. The Court denied Plaintiffs' motion.

At trial, through the testimony of Steven Seat and Plaintiffs' Exhibit 19, Plaintiff introduced evidence of damages that totaled $591,110.69. In the damage calculation excluded by the Court, proffered as Plaintiff's Exhibit 18, Plaintiffs' totaled their damages at $1,018,267.94.

At the close of evidence, Defendants moved for judgment as a matter of law, which the Court took under advisement. The jury returned a verdict against Defendant Hall in the amount of $302,000.00 in a general verdict form. The Court denied Defendants' motion for judgment as a matter of law and entered judgment against Defendants Hall, Bentley and Trust.

Defendants filed the instant motion, renewing their motion for judgment as a matter of law and, in the alternate, requesting a new trial. Plaintiffs filed a motion for new trial on the issue of damages, arguing that the Court erred when excluding the damages calculations included in Plaintiffs' Exhibit 18.

## II. Rule 60: Corrections Based on Clerical Mistakes; Oversights and Omissions

Before examining the parties' motions, the Court needs to correct a clerical mistake in the Judgment. Under Federal Rule of Civil Procedure 60(a), "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Judgment was entered against Defendants Hall, Bentley, and Trust. Judgment should have not have been entered against Defendants Bentley and Trust and instead should have only been entered against Defendant Hall.

The Court's February 14, 2012 Memorandum and Order granted Defendant Trust summary judgment on all of Plaintiffs' remaining claims against it. The only claim that survived summary judgment against Defendant Bentley was Plaintiffs' claim for quantum meruit. On the morning before trial began, Plaintiffs withdrew their quantum meruit claim. Therefore, the only claim submitted to the jury was Plaintiffs' breach of contract claim against Defendant Hall. As such, the jury instructions and jury verdict only included Defendant Hall. And the jury only returned a verdict against Defendant Hall. Judgment, therefore, should have been entered only against Defendant Hall. The Court thus corrects the Judgment by entering a *nunc pro tunc* Judgment against Defendant Hall only.

## II. Standards

### A. Renewed Motion for Judgment as a Matter of Law

A court may grant a renewed motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(b) if "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for a party on that issue."[1] "Judgment as a matter of law is

[1] Fed. R. Civ. P. 50.

appropriate only if the evidence points but one way and is susceptible to no reasonable inferences which may support the opposing party's position."[2] In other words, the Court must find that more than a mere scintilla of evidence favors the non-moving party.[3] In examining the evidence, the Court must construe all evidence in the light most favorable to the non-moving party.[4] The Court must not make any credibility determinations, weigh the evidence, or substitute its judgment for that of the jury.[5] If, after examining the evidence, the Court finds that the trial contained evidence upon which a jury could have properly returned a verdict against the movant, the Court must deny the motion for judgment as a matter of law.[6]

**B. Motion for New Trial**

Under Federal Rule of Civil Procedure 59(a), a court may grant a new trial on all or some of the issues on motion of a party. Motions for new trial are committed to the sound discretion of the district court.[7] Courts do not regard motions for new trial with favor and only grant them with great caution.[8]

"If 'a new trial motion asserts that the jury verdict is not supported by evidence, the verdict must stand unless it is clearly, decidedly, or overwhelmingly against the weight of the

---

[2] *Tyler v. RE/MAX Mountain States, Inc.*, 232 F.3d 808, 812 (10th Cir. 2000).

[3] *Century 21 Real Estate Corp. v. Meraj Int'l Inv. Corp.*, 315 F.3d 1271, 1278 (10th Cir. 2003) (quoting *Oja v. Howmedica, Inc.*, 111 F.3d 782, 792 (10th Cir. 1997)).

[4] *Tyler*, 232 F.3d at 812 (citing *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133 (2000)).

[5] *Id.*; *Rocky Mountain Christian Church v. Bd. of Cnty. Commr's*, 613 F.3d 1229, 1235 (10th Cir. 2010).

[6] *See Cooper v. Asplundh Tree Expert Co.*, 836 F.2d 1544, 1547 (10th Cir. 1988).

[7] *See Unit Drilling Co. v. Enron Oil & Gas Co.*, 108 F.3d 1186, 1193 (10th Cir. 1997).

[8] *Franklin v. Thompson*, 981 F.2d 1168, 1171 (10th Cir. 1992).

evidence.'"[9] The Court must view the evidence in the light most favorable to the nonmoving party, "bearing in mind that '[t]he jury . . . has exclusive function of appraising credibility, determining the weight to be given to the testimony, drawing inferences from the facts established, resolving conflicts in the evidence, and reaching ultimate conclusions of fact.'"[10] If a new trial motion is based on an error at trial, the court must not grant the motion unless the error prejudiced the party's substantive rights.[11]

## III. Discussion

### A. Defendants' Motion for Judgment as a Matter of Law and New Trial

Defendants combine their motions for judgment as a matter of law and for a new trial, arguing that the jury's award of damages on the Grand Lodge and SWAT 15 projects lacked a legally sufficient evidentiary basis and went against the weight of the evidence. For Defendants' motion for judgment as a matter of law, the Court must determine whether there was evidence upon which the jury could have properly returned the damages award of $302,000.00. And because Defendants' motion for new trial asserts that the jury's damage award is not supported by evidence, the Court must determine whether the jury's damage award is clearly, decidedly, or overwhelmingly against the weight of the evidence.

The Court finds that it must deny both motions because even assuming Defendants' arguments are true, Defendants do not meet their burden for a new trial or judgment as a matter

---

[9] *M.D. Mark, Inc. v. Kerr-McGee Corp.*, 565 F.3d 753, 762–63 (10th Cir. 2009) (quoting *Anaeme v. Diagnostek, Inc.*, 164 F.3d 1275, 1284 (10th Cir. 1999)).

[10] *Snyder v. City of Moab*, 354 F.3d 1179, 1187–88 (quoting *United Int'l Holdings, Inc. v. Wharf (Holdings) Ltd.*, 210 F.3d 1207, 1227 (10th Cir. 2000)).

[11] *See Henning v. Union Pac. R.R.*, 530 F.3d 1206, 1216–17 (10th Cir. 2008) (citing Fed. R. Civ. P. 61).

of law. The problem with Defendants' argument over the insufficiency or lack of evidence for damages based on Grand Lodge and SWAT 15 is that the Court has no way to know whether the jury awarded Plaintiffs damages based on the Grand Lodge and SWAT 15 projects. Unpaid profits on the Grand Lodge and SWAT 15 projects were not the only damages that Plaintiffs sought. Using Plaintiffs' Exhibit 19, Plaintiff Seat testified about the amount of profits Defendant Hall still owed to Plaintiffs on a number of projects. Plaintiff Seat testified, and Plaintiffs' Exhibit 19 showed, that Defendant Hall still owed Plaintiffs unpaid profits of $78,779.12 from the Shorefox project, $102,472.82 from the Grand Elk project, $5,957.37 from the SWAT 15 project, $115,763.03 from the Grand Lodge projects, $75,743.08 in interest on all the profit due from those projects, and $212,395.27 for brokerage fees. Total, Plaintiffs asked the jury for damages in the amount of $591,110.69. The jury returned a verdict in favor of the Plaintiffs in the amount of $302,000.00. The verdict did not indicate how the jury arrived at its decision or on which projects Plaintiffs were owed profits; it merely stated: "We, the jury, impaneled and sworn in the above entitled case, upon our oaths, do find for Plaintiffs and assess Plaintiffs' damages in the sum of $302,000.00."

Thus, even assuming that Defendants are correct and that there was no sufficient evidence to support an award of damages for the Grand Lodge or SWAT 15 projects, Defendants cannot show that the verdict is "clearly, decidedly, or overwhelmingly against the weight of the evidence" to meet their burden for a new trial. On the contrary, "evidence was before the jury upon which it could properly find against the movant" even if Grand Lodge and SWAT 15 were taken out of the calculation. The jury could have awarded Plaintiffs $302,000.00 without awarding any damages for the SWAT 15 and Grand Lodge projects. For example, the total

request for damages on the Shorefox and Grand Elk projects plus the brokerage fees totaled $393,647.21. The jury's award of damages thus could have been based only on the Shorefox and Grand Elk projects and the brokerage fees. Defendants have not argued that the trial lacked sufficient evidence for damages based on Shorefox, Grand Elk, or the brokerage fees. As a result, the Court cannot find that Defendants have proved that the verdict is clearly, decidedly, or overwhelming against the weight of the evidence. Instead, the Court finds that the trial contained evidence upon which a jury could have properly returned a verdict with a damage award of $302,000.00. The Court therefore denies Defendants' motion for new trial and motion for judgment as a matter of law.

### C. Plaintiffs' Motion for a New Trial

Plaintiffs argue that the Court should grant a new trial on the issue of damages because the Court improperly excluded evidence of Plaintiffs' damages calculations. Because Plaintiffs' motion is based on an alleged error at trial, the Court must first determine whether it erred in excluding the evidence, and if so, the Court must then determine whether the error prejudiced Plaintiffs' substantive rights. Here, the Court finds no error in its decision to exclude Plaintiffs' damages calculations, proffered at trial as Plaintiffs' Exhibit 18. The damages calculations in Plaintiffs' Exhibit 18 included a claim for damages on the Weibel-RBND and Morley-SWAT projects. The Court granted Defendants' summary judgment on those claims. Thus, introduction of evidence claiming damages on the Weibel-RBND and Morley-SWAT projects would have been improper. Additionally, in the Court's Memorandum and Order on the parties' summary judgment motions, the Court explained how to apply the proper interpretation of the Funding Agreement to calculate the Plaintiffs' damages. Plaintiffs' damages calculations in

Exhibit 18 did not follow the Court's Memorandum and Order. Thus, exclusion was proper. As such, the Court denies Plaintiffs' Motion for New Trial because Plaintiffs have not identified any error at trial.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Joint Motion for Judgment as a Matter of Law and Motion for New Trial (Doc. 150) is DENIED.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for New Trial on Issue of Damages (Doc. 151) is DENIED.

**IT IS SO ORDERED**.

Dated: June 28, 2012

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE