UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TONY BETTIS, et al.,

          Plaintiffs,

v.                                 Case No. 10-2457-JAR

GARY L. HALL, et al.,

          Defendants.

## ORDER

Following a jury trial in this breach-of-contract case, final judgment was entered in 2012 against defendant Gary L. Hall, awarding plaintiffs $302,000, plus costs.[1] Defendant failed to pay the judgment in full. Subsequently, plaintiffs served post-judgment discovery to gather information regarding defendant's assets with which to execute and satisfy the judgment. Because defendant failed to adequately respond to the discovery, plaintiffs filed a motion to compel on February 19, 2015. The matter is currently before the undersigned U.S. Magistrate Judge, James P. O'Hara, on plaintiffs' motion to compel and for sanctions **(ECF doc. 211)**.

Since judgment was entered against defendant, plaintiffs have attempted to collect the judgment via writs of garnishment,[2] subpoenas of third-parties' records,[3] a motion for

---

[1] ECF docs. 145 and 157.

[2] ECF docs. 168, 174, 185, 187, and 192.

issuance of charging orders,[4] and registration of the judgment in other states.   Yet, plaintiffs have not been able to identify assets sufficient to satisfy the judgment.

In a continued effort to identify such assets, plaintiffs served discovery in aid of execution on June 5, 2014.[5]   On July 2, 2014, defendant moved for a two-week extension of time to respond to the discovery.[6]   Plaintiffs later agreed to stay the due date for responses to the discovery in exchange for defendant's promise to make monthly payments and to pay off the judgment in full by December 31, 2014.   Although defendant made partial payments toward the judgment in August and September 2014, his October 2014 payment was returned unpaid for insufficient funds.   That payment was eventually paid along with the November 2014 payment.   However, defendant failed to make the last promised payment of approximately $128,000 by December 31, 2014.   Subsequently, defendant asked that plaintiffs accept smaller monthly payments and delay the deadline for his discovery responses.   Plaintiffs declined, explaining that "due to Mr. Hall's history of failing to make payments, [they] could not accept unsecured promises and agree to further delay in identifying Mr. Hall's assets."[7]

---

[3] ECF docs. 191 and 196.

[4] ECF doc. 200.

[5] ECF doc. 205.

[6] ECF doc. 206.

[7] ECF doc. 212 at 2.

On January 20, 2015, defendant served his answers to the discovery in aid of execution.[8]  Plaintiffs assert that defendant failed to provide *any* of the information requested and did not identify or attach a single document.  Instead, plaintiffs claim that defendant responded with "vague boilerplate objections."[9]  Therefore, plaintiffs filed a motion seeking to compel defendant to fully respond to the discovery requests.

Fed. R. Civ. P. 26(b)(1) provides that generally the scope of discovery is limited to the parties' pleaded claims and defenses, but that "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."  When a party files a motion to compel and asks the court to overrule objections, the objecting party must specifically show in its response to the motion how each discovery request is objectionable.[10]  Objections initially raised but not supported in response to the motion to compel are deemed abandoned.[11]  However, if the discovery requests appear facially objectionable in that they are overly broad or seek information that does not appear relevant, the burden is on the movant to demonstrate how the requests are not

---

[8] ECF doc. 210.

[9] ECF doc. 211 at 2.

[10] *Sonnino v. Univ. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 670-71 (D. Kan. 2004).

[11] *In re Bank of Amer. Wage & Emp't Practices Litig.*, 275 F.R.D. 534, 538 (D. Kan. 2011).

objectionable.[12]  With these standards in mind, the court addresses defendant's objections and responses to the disputed requests.

## I.    General Objections

Defendant made six general objections in response to plaintiffs' interrogatories and eight general objections in response to plaintiffs' requests for production.[13]  In the District of Kansas, general objections are considered "overly broad and worthless unless the objections are substantiated with detailed explanations."[14]  Our courts disapprove of the practice of asserting a general objection "to the extent" it may apply to particular requests for discovery.[15]  Defendant, as the party resisting discovery, has the burden of supporting all of his objections, including his general objections.[16]  The court finds that defendant has made *no* meaningful effort to show how *any* of the general objections apply to a specific request.  Most of defendant's general objections are listed "to the extent" that they apply to any of the discovery requests, rendering them meaningless and hypothetical because they are *not* applied to specific requests.  Although defendant now

---

[12] *Id.*

[13] *See* ECF docs. 211-1 and 211-2.

[14] *Terracon Consultants Inc. v. Drash*, No. 12-2345, 2013 WL 1633572, at *1 (D. Kan. Apr. 16, 2013).

[15] *See Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 660-61 (D. Kan. 2004).

[16] *High Point SARL v. Sprint Nextel Corp.*, No. 09-2269, 2011 WL 4036424, at *10 (D. Kan. Sept. 12, 2001) (citing *Johnson v. Kraft Foods N. Am., Inc.*, 236 F.R.D. 535, 538 (D. Kan. 2006)).

attempts to "withdraw" the general objections in his response, the court still finds that defendant's "general objections" are overruled.

## II.   Objections to Requests

As earlier explained, when ruling upon a motion to compel, the court generally considers those objections which have been timely asserted *and* relied upon in response to the motion.  The court generally deems objections initially raised but not relied upon in response to the motion as abandoned.[17]   Because defendant only relies upon three objections in response to this motion, the court will only address those objections.  Other objections initially raised but not supported in response to the motion to compel are deemed abandoned.

### A.   Location of Production

Plaintiffs served twenty-two requests in their requests for production in aid of execution.[18]   Plaintiffs did not receive any documents in response.  Instead, defendant objected to sixteen requests, responded that no documents were available, and/or stated that certain documents would be made available for inspection and copying at defendant's office in Galena, Kansas (about 150 miles south of the Kansas City metro area, where the case was tried and where both sides' lawyers have their offices).

---

[17] *Sonnino*, 221 F.R.D. at 670 (citing *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 664 (D. Kan. 1999)).

[18] Although plaintiffs numbered twenty-four requests, their requests for production did not include Requests Nos. 20 and 21 (ECF doc. 211-2 at 6).

Defendant asserts that the primary issue before the court is the location of his production. Defendant maintains that he is not objecting to *producing* documents. However, defendant refuses to produce documents in plaintiffs' counsel's office in Kansas City, Missouri, as requested. Instead, defendant has offered to produce the documents in Galena, Kansas where the documents are maintained. Alternatively, defendant has offered to put the documents on a disc but only if plaintiffs pay for fifty percent of the cost to do so. Finally, defendant has offered to make copies of the documents but only at plaintiffs' cost. Defendant argues that plaintiffs have failed to cite any precedent for their request for defendant to produce the documents "over 150 miles away from their location in another state."[19] Defendant explains that all of the documents would constitute four to five boxes of records, all of which are maintained in Galena, Kansas—more than 150 miles away from Kansas City. Defendant insists that transportation of the documents would be burdensome and that plaintiffs should pay for copies to avoid this dispute.

There is a general rule that the responding party should bear the costs of producing discovery.[20] However, our courts have held that under Rule 34, a responding party need only make requested documents *available* for inspection and copying—it need not pay

---

[19] ECF doc. 215 at 2.

[20] *See Cardenas v. Dorel Juvenile Group, Inc.*, 230 F.R.D. 611, 619 (D. Kan. 2005); *see also Hudson v. AIH Receivable Mgmt. Services*, No. 10-2287, 2011 WL 1402224, at *1 (D. Kan. Apr. 13, 2011).

the copying costs.[21]  Plaintiffs argue this case is distinguishable because the discovery at issue here is discovery in aid of execution.  Although plaintiffs admit that Kansas courts have not addressed this specific issue, they assert that other federal courts have.

Notably, a court in the Western District of North Carolina held that the cost of producing documents in response to discovery in aid of execution should be borne by the producing party, noting that the judgment already ordered defendants to pay the costs of the action.[22]  The court explained that the documents requested were essential for a just determination of the defendants' assets available to satisfy the judgment.  Therefore, the court ordered defendants to pay for the costs of copies to produce documents.  Similarly, in the Middle District of North Carolina, a court held that the expenses of judgment collection could be assessed against the judgment debtor.[23]

As defendant cites, "[c]ourts have attempted to place practical restrictions on parties electing to produce documents as they are kept in the usual course of business. This customarily consists of balancing the burdens that would be imposed on the respective parties."[24]  In attempting to "balanc[e] the burdens," the court sides with

---

[21] *Cardenas*, 230 F.R.D. at 620 (citations omitted).

[22] ECF doc. 216 at 2 (citing *Atlantic Purchasers, Inc. v. Aircraft Sales, Inc.*, 101 F.R.D. 779, 780-83 (W.D.N.C. 1984)).

[23] *Id.* (citing *Travelers Indem. Co. of Ill. v. Hash Mgmt., Inc.*, 173 F.R.D. 150, 156 (M.D.N.C. 1997)).

[24] ECF doc. 215 at 4 (citing *S.E.C. v. Kovzan*, No. 11-2017, 2012 WL 3111729, at *9 (D. Kan. July 31, 2012) (citations omitted), *overruled in part by S.E.C. v. Kovzan*, No. 11-2017, 2012 WL 4819011 (D. Kan. Oct. 10, 2012)).

plaintiffs. Here, plaintiffs were awarded judgment along with costs almost two years ago. Since that time, plaintiffs repeatedly have attempted to discover defendant's assets with which to execute the judgment. Plaintiffs have compromised with defendant by agreeing to allow him to postpone discovery responses and make partial payments towards the judgment. After failing to make timely payment, defendant's discovery responses became due shortly afterward. Instead of providing meaningful responses though, defendant responded with general objections along with numerous other objections, and insisted that plaintiffs share in the cost for him to comply with his discovery obligations. Plaintiffs then suggested an informal telephone conference with the court to avoid the additional time and expense of drafting a motion to compel and briefs in response, but defendant refused. Now, defendant wants *plaintiffs* to pay for the copying costs before he produces any responsive information to plaintiffs' June 2014 discovery requests. Given the foregoing, the court does not find that plaintiffs' requests for production are appropriate for shifting the cost of discovery. Nor has defendant shown compliance with these discovery requests would be unduly burdensome. Under these particular circumstances, the court will follow the general rule that a party should bear the costs of producing discovery. Therefore, defendant shall produce *copies* of all responsive documents at his own cost no later than **March 26, 2015,** in Kansas City.

### B.     Documents Regarding Donna Hall

Plaintiffs asked for defendant's most recent financial statement, bank statements, tax returns, and information about transactions involving real property in Requests for

Production Nos. 1-3, 9-10, and 12-13.  Defendant objected that his wife, Donna Hall, is not a party to this action.  Because defendant only has *joint* financial statements, bank statements, tax returns, and real estate holdings with Ms. Hall, he refused to comply with the requests.  In his response, defendant agreed that his financial condition is at issue. Defendant also admitted that several pages of his joint tax return show income solely owned by him.  However, defendant disagreed that records "which would not reflect whether an asset is owned by Gary or Donna Hall [are] responsive to the[se] request[s]."[25]  Defendant suggested that plaintiffs add Donna Hall as a party to this dispute and seek information directly from her so that she may object to the production of her personal financial information.  Defendant does not assert privilege or confidentiality concerns.  Essentially, defendant argues that the information sought is irrelevant.

At the discovery stage, relevancy is broadly construed, and a request for discovery should be considered relevant if there is "any possibility" that the information sought may be relevant to the claim or defense of any party.[26]  When the discovery sought appears relevant on its face, the party resisting discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery does not come within the broad scope of relevance as defined under Rule 26(b)(1), or is of such marginal relevance that the potential harm the discovery may cause would outweigh the presumption in favor

---

[25] *Id.* at 5.

[26] *DIRECTV, Inc. v. Pucinelli*, 224 F.R.D. 677, 684 (D. Kan. 2004) (citing *McCoy v. Whirlpool Corp.*, 214 F.R.D. 642, 643 (D. Kan. 2003)).

of broad disclosure.[27]   Conversely, when relevancy is not apparent on the face of the interrogatory or request, the party seeking the discovery has the burden to show the relevancy of the information or documents sought.[28]

Fed. R. Civ. P. 69(a)(2) provides that a judgment creditor "may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located."  Courts have interpreted the scope of post-judgment discovery *broadly* to include the discovery of assets upon which execution can be made.[29]   Discovery is also allowed to find out about assets that have been fraudulently transferred or are beyond the reach of execution, as well as information "which could reasonably lead to the discovery of concealed or fraudulently transferred assets."[30]   Objections to post-judgment discovery based upon the argument that *some* of the judgment debtor's assets are exempt from execution have not met with approval.[31]

The documents plaintiffs seek are relevant on their face.  Thus, defendant has the burden to show the irrelevancy of the information sought.  The fact that the responsive

---

[27] *Id.*

[28] *Id.*

[29] *See Hartford Fire Ins. Co. v. P & H Cattle Co.*, No. 05-2001, 2009 WL 2951120, at *7 (D. Kan. Sept. 10, 2009) (citing *Fed. Deposit Ins. Corp. v. LeGrand*, 43 F.3d 163, 172 (5th Cir. 1995)).

[30] *Id.* (citations omitted).

[31] *Id.* (citing *White v. Gen. Motors Corp.*, No. 88-2053, 1990 WL 47437, at *1 (D. Kan. Mar. 13, 1990) (discovery objection that some assets may ultimately prove to be exempt from execution found to be without merit)).

documents may contain some irrelevant or non-responsive information is not a valid reason to withhold them in their entirety.  Defendant has failed to meet his burden to show there is no possibility the information sought may be relevant.  Nor has defendant provided *any* authority that defendant's financial information is protected from disclosure just because it is shared with his wife.  Asking plaintiffs to add defendant's wife as a party even though they "have no claim against her,"[32] and suggesting that Ms. Hall needs to be brought before the court so the issue can be resolved, appears to be more of a delay tactic than a valid objection.  Although not specifically asserted, if defendant has valid confidentiality concerns, the court suggests that the parties agree to the entry of a protective order.  However, based on the *current* record, the court finds that defendant has failed to meet his burden to support his objections and withhold the disputed documents.  Defendant shall produce responsive documents at his cost no later than **March 26, 2015.**

### C.    Rule 33(d)

In an effort to locate and identify defendant's assets, plaintiffs propounded nineteen interrogatories.   Defendant responded with general objections, specific objections to seven of the requests, and one or two-word answers to two of the requests.[33] Defendant also stated that he would provide documents pursuant to Rule 33(d) in

---

[32] ECF doc. 215 at 5.

[33] *See* ECF doc. 211-1.

response to Interrogatory Nos. 2-8 and 11-17.   Specifically, defendant instructed plaintiffs that they could inspect and copy documents at his facility in Galena, Kansas. Defendant provided *no* substantive answers in response to *any* of the interrogatories.

Plaintiffs argue that defendant's reliance on Rule 33 is unfounded.  Plaintiffs assert that the disputed interrogatories ask for information about "the entities and real property Mr. Hall owns, Mr. Hall's debtors, the location of Mr. Hall's stock certificates, and banks where Mr. Hall and his entities have accounts."[34]   Because defendant is familiar with these documents, plaintiffs assert that it is improbable that the burden on defendant to locate the specific information requested is the same as it would be for plaintiffs to do so.  Regardless, plaintiffs complain that defendant has failed to reference the documents with sufficient detail to allow them to even find the information.  And, plaintiffs point out that no actual documents were produced in response to the interrogatories.

Defendant responds that plaintiffs' motion to compel on this point is premature since plaintiffs have not reviewed the documents yet.  Defendant assumes "[s]ince the burden of determining the requested information is equally on the two parties, plaintiffs should not be heard to complain."[35]   Defendant claims that he has not referred to production generally.  Instead, defendant explains that he has referred to ledgers to reflect

---

[34] ECF doc. 212 at 7.

[35] ECF doc. 215 at 6.

obligations he owes to third parties and operating agreements and corporate records to show the identity of others involved in his various business entities.  Defendant concludes that the burden is equal.  Therefore, defendant argues that he should be allowed to rely on Rule 33(d) to respond to the interrogatories.

Plaintiffs respond that defendant has only provided broad categories of records, which do not provide enough detail for plaintiffs to discern answers to their interrogatories.  For example, defendant lists "Articles of Incorporation and Operating Agreements," "ledgers," and "documents concerning the sale, acquisition, and appraisal" of property, specifying only three categories of records while claiming that these documents comprise 5,000 pages relevant to twenty-five corporate business entities.  Plaintiffs maintain that defendant's answers are not in compliance with the letter or spirit of Rule 33(d) and ask that defendant provide responsive answers.

Fed. R. Civ. P. 33(d) provides:

If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:

(1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and

(2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

It is well settled in this jurisdiction that a party "may not merely refer" another party to documents "hoping [the other party] will be able to glean the requested information from them."[36] "The court generally finds such practice unacceptable."[37]

After reviewing defendant's responses to the disputed interrogatories, the court finds that defendant has failed to identify responsive documents with the requisite specificity to enable plaintiffs to locate and identify such documents as required by Rule 33(d). Assuming defendant's estimate of the volume of documents required to respond is accurate,[38] further details (e.g., date of each document, its identity, and where it can be located) are necessary to comply with Rule 33(d). Furthermore, defendant has failed to demonstrate that the burden of deriving the answers to the interrogatories from the broad categories of documents described is substantially the same for plaintiffs as it is for defendant. Therefore, defendant is ordered to amend his response to provide answers to these specific interrogatories or provide copies of the responsive documents with the requisite detail required by Rule 33(d) (at his cost) by **March 26, 2015.** If defendant chooses the latter, he is reminded that he must specifically designate specific records to permit plaintiffs to readily locate and identify the records from which the answer to the specific interrogatories can be determined.

---

[36] *Johnson v. Kraft Foods N.A., Inc.*, 236 F.R.D. 535, 545 (D. Kan. 2006) (quoting *DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 680-81 (D. Kan. 2004)).

[37] *Id.* (quoting *DIRECTV, Inc.*, 224 F.R.D. at 680).

[38] Defendant approximates 5,000 documents relevant to twenty-five corporate entities must be reviewed to respond to plaintiffs' discovery requests (ECF doc. 215 at 2-3).

**III.    Sanctions**

Plaintiffs also seek sanctions against defendant pursuant to Fed. R. Civ. P. 37(a)(5).  With reference to expenses and attorney's fees, Rule 37(a)(5)(A) provides:

> If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising the conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

The court "must not order this payment" if it finds that the motion was filed before the movant met its duty to confer, or the failure to disclose was "substantially justified," or that "other circumstances make an award of expenses unjust."[39]   The court should diligently apply sanctions under Rule 37 both to penalize those who have engaged in sanctionable misconduct and to deter those who might be tempted to such conduct in the absence of such a deterrent.[40]   The district court is afforded wide discretion in choosing an appropriate sanction.[41]

Plaintiffs argue that sanctions are appropriate because defendant has failed to provide *any* information responsive to their interrogatories and has failed to produce *any* documents responsive to their requests for production.  Further, plaintiffs assert that the

---

[39] Fed. R. Civ. P. 37(a)(5)(A).

[40] *Starlight Intern. Inc. v. Herlihy*, 186 F.R.D. 626, 647 (D. Kan. 1999) (citing *Olcott v. Delaware Flood Co.*, 76 F.3d 1538, 1555 (10th Cir. 1996)).

[41] *Cardenas*, 2006 WL 1537394, at *5 (citing *Proctor & Gamble Co. v. Haugen*, 427 F.3d 727, 738 (10th Cir. 2005)).

majority of defendant's objections are not substantially justified, and are designed to delay discovery.  Plaintiffs assert that they have made good faith attempts to resolve this dispute without filing a motion but were left with no choice when defendant refused to supplement his answers or participate in a telephone conference with the court.

Defendant responds that he has made documents available (in Galena, Kansas) and that requiring plaintiffs to pay for copies is not sanctionable conduct.  Defendant maintains that his refusal to produce certain documents and his reliance on Rule 33(d) to respond to interrogatories are substantially justified.  Therefore, defendant asserts that plaintiffs' request for attorney fees should be denied.

Thus far, the court has granted plaintiffs' motion in its entirety.  Defendant has failed to produce any documents or substantive answers in response to plaintiffs' discovery requests in aid of execution, which were served more than nine months ago. Instead, defendant asserted meritless general objections, specific objections that he did not reassert or support in response to the motion, and other objections and responses that this court has rejected.  Defendant could have avoided the expense of this motion but chose to maintain his position and refuse a telephone conference with the court.  Because the court finds that defendant's objections were not substantially justified and no circumstances make an award of expenses unjust, plaintiffs' request for attorney's fees is granted.

The parties are encouraged to confer and reach agreement on the amount of attorney's fees defendant will pay plaintiffs in connection with this dispute.  In the

O:\ORDERS\10-2457-JAR-211.docx

hopefully unlikely event the parties cannot reach an agreement, by **March 26, 2015**, plaintiffs shall file an accounting of the costs and legal fees (including supporting documentation, such as attorney time sheets) they maintained in regard to filing and briefing the motion to compel and for sanctions.   Thereafter, defendant, may, if he believes it necessary, file a response to plaintiffs' filing by **April 2, 2015**, and address whether sanctions should be awarded against defendant, or defense counsel, or both in some proportion.

In addition to the sanctions imposed herein, defendant is specifically warned that further noncompliance with discovery obligations may result in harsher sanctions, including being held in contempt of court.

IT IS SO ORDERED.

Dated March 19, 2015, at Kansas City, Kansas.


 s/ James P. O'Hara
James P. O'Hara
U. S. Magistrate Judge

O:\ORDERS\10-2457-JAR-211.docx